UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JOHN J. STAPLETON, | Case No. 1:24-cv-11420 |
| *Plaintiff,* | Thomas L. Ludington<br>United States District Judge |
| v. | Patricia T. Morris<br>United States Magistrate Judge |
| DOMINIC PARLULO,<br>and THOMAS PARLULO, | |
| *Defendants.* | |
| _____/ | |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the following reasons, I **RECOMMEND** that the Court **DISMISS** Plaintiff's complaint *sua sponte* and **WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2). I also **RECOMMEND** that the Court **DENY** Plaintiff's motion (ECF No. 3) **AS MOOT**.

**II.   REPORT**

**A.   Introduction and Background**

On May 29, John Stapleton submitted a twelve-page *pro se* complaint in illegible, handwritten cacography. (ECF No. 1, PageID.1–12; *cf. Stapleton v. Doe*, 1:22-cv-12036, ECF No. 10, PageID.82, n.2 (finding a document filed by Stapleton

1

to be "illegible and incomprehensible.")). The complaint's few decipherable passages allege that Stapleton was forced to stay in a "mental hospital," for which he blames two individuals named Dominic and Thomas Parlulo. (*Stapleton v. Parlulo*, 1:24-cv-11420, ECF No. 1, PageID.1–2, 7–8). Stapleton lists 42 U.S.C. § 1983 and a host of other federal statutes as the bases for his cause of action. (ECF No. 1, PageID.6). He also claims to have suffered "physical" and emotional damages for which he seeks monetary relief and an "attachment" of real property belonging to the Parlulos. (*Id.* at PageID.5–6, 9–11).

Stapleton attaches to his complaint a pile of documents that fill some of the gaps in his pleadings. (*Id.* at PageID.13–30). For example, he attaches a document clarifying that by asking the court to "attach" the Parlulo's real property, he is asking it to "seiz[e]" their "property" before entering judgment "in anticipation of a" ruling "favorable" to Stapleton. (*Id.* at PageID.13–18).

Of more significance, Stapleton attaches medical records indicating that he had visited a medical provider in Bad Axe, Michigan, one day before he was admitted to a psychiatric hospital in 2020. (*Id.* at PageID.22, 27). After being "seen," Stapleton was hospitalized at a nearby emergency room where, following a thirty-minute evaluation, a physician completed a form petitioning a Michigan probate court to have Stapleton involuntarily hospitalized and finding that Stapleton must be hospitalized until a hearing could be held before the probate court. (*See id.*)

2

Noting that Stapleton had prepared to commit suicide and was "very upset that he" had received "fines" for "leaving his grass . . . too long," the physician diagnosed Stapleton with "major depression, suicide ideation, [and] acute psychosis." (*Id.* at PageID.27). The physician contacted police and Stapleton was transferred to a mental health facility in Grand Rapids named Forest View Hospital. (*Id.* at PageID.22, 26–27).

Stapleton was evaluated by a physician during his intake at Forest View. (*Id.* at PageID.23). Stapleton appeared "irritable" and "agitated," displayed "poor insight," and "refuse[d] to participate in treatment . . . ." (*Id.*) The physician noted that Stapleton displayed "paranoid delusions about secret police" and had attempted suicide. (*Id.*) Finding that Stapleton suffered from "major depressive disorder . . . with psychotic features," this physician also determine that Stapleton would need to remain hospitalized pending a hearing before a probate court. (*Id.*)

Stapleton remained at Forrest View for about two and a half weeks. (*Id.* at PageID.22, 26). For at least two years following his release, he periodically returned to his physician in Bad Axe for treatment of his "depression" and "situational anxiety." (*Id.* at PageID.22). At a psychiatric appointment sometime after his hospitalization, Stapleton reported that he was hospitalized because "a neighbor [had] called the township to complain of" Stapleton's "off[-]the[-]grid . . . lifestyle" and blighted property. (*Id.* at PageID.20–21).

3

When Stapleton filed his complaint in this action, he contemporaneously submitted a "motion" regarding the "attachment" of the defendants' real property. (ECF No. 3). That motion remains pending.

Stapleton also moved the Court for leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2). The Undersigned granted his motion and, having reviewed Stapleton's allegations, recommends that the Court dismiss his complaint on its own accord. (ECF No. 7).

**B. Analysis**

Under 28 U.S.C. § 1915(e)(2)(B), a court must *sua sponte* review and dismiss the complaints of plaintiffs proceeding IFP if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient

"factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

Stapleton fails to state a plausible claim for relief. Most of his complaint is illegible, and allegations that cannot show how a plaintiff is entitled to relief if they cannot be understood. *Roby v. Bosbyshell*, No. 21-cv-3963, 2021 WL 7179278, at *2 (N.D. Ill. Dec. 15, 2021). The few discernable allegations—even when liberally construed and read together with Stapleton's many attachments—provide too few details for the Court to understand the exact nature of Stapleton's claim against the Defendants. Although he alleges that the Defendants were somehow responsible for his hospitalization, he does not clarify the precise nature of their involvement or explain why their involvement was unlawful. (ECF No. 1, PageID.1–12).

Thus, I recommend that the Court dismiss Stapleton's complaint without prejudice. *See Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)) ("'[D]ismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment.'").

### D. Conclusion

For these reasons, I recommend that the Court **DISMISS** Stapleton's complaint **WITHOUT PREJUDICE** and **DENY** his motion (ECF No. 3) **AS MOOT**.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and

Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 10, 2024                               S/ PATRICIA T. MORRIS
                                                   Patricia T. Morris
                                                   United States Magistrate Judge