UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN J. STAPLETON,

        Plaintiff,                              Case No. 1:24-cv-11420

v.                                            Honorable Thomas L. Ludington
                                                  United States District Judge

DOMINIC PARLULO,
  and THOMAS PARLULO,                  Honorable Patricia T. Morris
                                                  United States Magistrate Judge

        Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECCOMENDATION, DISMISSING COMPLAINT WITHOUT PREJUDICE, AND DENYING MOTION AS MOOT**

On May 29, 2024, Plaintiff John J. Stapleton filed a *pro se* complaint against Defendants Dominic and Thomas Parlulo. ECF No. 1. As aptly described by Magistrate Judge Patricia T. Morris, Plaintiff's Complaint largely contained "illegible, handwritten cacography." ECF No. 8 at PageID.43; *see generally* ECF No. 1. Notably, this is not the first time that this Court has been unable to read Plaintiff's handwritten pleadings. *See Stapleton v. Doe*, Case No. 1:22-cv-12036, 2022 WL 14788918, n.2 (E.D. Mich. Oct. 25, 2022) (describing Plaintiff's writing as "illegible and incomprehensible"). The legible portions of Plaintiff's Complaint seemingly allege that Defendants "forced" Plaintiff "into a mental hospital in Grand Rapids[,]" Michigan. ECF No. 1 at PageID.7.

Fortunately, the Complaint's attachments provide some clarity. Throughout 2020, Plaintiff had several appointments with a physician at Great Lakes Bay Health Centers in Bad Axe, Michigan for behavioral health conditions such as chronic depression and situational anxiety. *Id.* at PageID.22.

On July 7, 2020, Plaintiff went to the McLaren Thumb Region Emergency Room after he attempted to hang himself by "plac[ing] a noose around a branch in a tree." *Id.* at PageID.27. The emergency room physician determined Plaintiff was "mentally ill," noting that Plaintiff suffered from major depression, suicidal ideation, and acute psychosis. *Id.* (noting Plaintiff "very upset" about "secret police" which Plaintiff believed were "out to get him"). Accordingly, the physician contacted the police and completed a petition seeking a state probate court order to involuntarily hospitalize Plaintiff. *See id.*

On July 8, 2020, Plaintiff was transferred to Forest View Hospital, a mental health clinic in Port Austin, Michigan. *See id.* at PageID.23. Upon intake, a Forest View Hospital physician noted that, among other behavioral concerns, Plaintiff "refuse[d] to participate in treatment or take medications" and suffered from recurrent, severe "psychotic features" such as "paranoid delusions about secret police." *Id.* at PageID.23. On July 23, Plaintiff typed a letter noting he was being "garaged, housed, and contained" at Forest View Hospital in violation of his constitutional rights. *Id.* at PageID.29. Plaintiff was released from Forrest View Hospital the next day. *Id.* at PageID.28. Notably, an unknown physician's "clinical assessment" of Plaintiff in December 2022 reports that Plaintiff seemingly believes he was confined at Forest View Hospital because a "neighbor" "called "the Township" and complained about Plaintiff's "off[-]the[grid]" lifestyle. *Id.* at PageID.20–21. It remains unclear whether Defendants in this case were Plaintiff's "neighbors," or otherwise had anything to do with Plaintiff's placement at Forest View Hospital.

On May 29, 2024, the same day Plaintiff filed his Complaint, Plaintiff filed an application to proceed *in forma pauperis* (IFP), ECF No. 2, and a motion regarding the "attachment" of Defendants' property. ECF No. 3. The next day, all pretrial matters were referred to Magistrate

Judge Patricia T. Morris. ECF No. 5. On June 4, 2024, Judge Morris granted Plaintiff's application to proceed IFP. ECF No. 7.

On June 10, 2024, Judge Morris issued a report (R&R) recommending this Court dismiss Plaintiff's Complaint without prejudice. ECF No. 8. Specifically, Judge Morris concluded:

> [Plaintiff] fails to state a plausible claim for relief. Most of his complaint is illegible, and allegations that cannot show how a plaintiff is entitled to relief if they cannot be understood. *Roby v. Bosbyshell*, No. 21-cv-3963, 2021 WL 7179278, at *2 (N.D. Ill. Dec. 15, 2021). The few discernable allegations—even when liberally construed and read together with [Plaintiff]'s many attachments—provide too few details for the Court to understand the exact nature of [Plaintiff]'s claim against the Defendants. Although he alleges that the Defendants were somehow responsible for his hospitalization, he does not clarify the precise nature of their involvement or explain why their involvement was unlawful. (ECF No. 1, PageID.1–12).

*Id.* at PageID.46.

In accordance with Civil Rule 72(b)(2), Judge Morris provided the Parties fourteen days to object. *Id.* at PageID.47. Fourteen days after Judge Morris issued her R&R, Plaintiff sent a letter to this Court seeking an extended objection deadline. ECF No. 10 at PageID.64. Plaintiff specifically requested a deadline of July 16, 2024. *Id.* at PageID.60. This Court granted Plaintiff's request. But July 16, 2024 came and went, and Plaintiff has not filed any objections to Judge Morris's R&R, nor has either Defendant. Thus, the Parties have forfeited their right to appeal Judge Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Regardless, there is no clear error in Judge Morris's thorough R&R.

Accordingly, it is **ORDERED** that Magistrate Judge Patricia T. Morris's Report and Recommendation, ECF No. 8, is **ADOPTED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

Further, it is **ORDERED** that Plaintiff's Motion, ECF No. 3, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: July 24, 2024                                          s/Thomas L. Ludington
                                                                             THOMAS L. LUDINGTON
                                                                             United States District Judge